The Honorable Marc L. Barreca
Chapter 7
Hearing Date: June 21, 2018
Hearing Time: 9:30 am
Response Date: June 14, 2018
Hearing Location: Seattle, WA

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>WESTERN INDUSTRIAL, INC.,<br><br>                    Debtor. | In Chapter 7 Proceeding<br><br>NO. 16-13353-MLB<br><br>MOTION TO APPROVE SETTLEMENT OF CLAIM AGAINST MARE ISLAND DRY DOCK, LLC AND APPROVE PAYMENT OF SPECIAL COUNSEL'S FEES AND COSTS |

**COMES NOW** Terrence J. Donahue, duly appointed and acting Chapter 7 Trustee, ("**Trustee**") by and through his attorneys Eisenhower Carlson PLLC and Terrence J. Donahue and moves the Court to approve settlement of a claim against Mare Island Dry Dock, LLC ("**MIDD**") pursuant to Fed. R. Bankr. P. 9019 and to approve payment of special counsel's fees and costs to Manning Construction Law, Inc. and Kimberly J. Manning.

## BACKGROUND

This case was filed on June 24, 2016 as a voluntary chapter 11 and was converted to a chapter 7 on September 19, 2016.

Western Industrial, Inc. is "**Debtor**". Debtor is not currently represented counsel.

Trustee is the duly appointed and acting Chapter 7 Trustee.

MOTION - 1



1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-273/TJD/813956

# I. APPROVAL OF THE SETTLEMENT WITH
# MARE ISLAND DRY DOCK, LLC

Debtor's Schedule A/B: Assets-Real and Personal Property lists under item 77 concerning other property of any kind not already listed a "***Please see attached list of accounts receivable, including invoice dates and amounts.***" identifying a value of "***Unknown***" (*ECF No. 32*). Attached to the schedules was a list entitled "Accounts Receivable" that described several outstanding receivables, including approximately $653,600.00 owed by Mare Island Dry Dock, LLC ("MIDD").

The dispute with MIDD arose from three (3) separate projects known by marine vessel names of 1) the "**Sette**", 2) the "**Essayons**", and 3) the "**YD 254**" on which Debtor was to perform abrasion & paint the vessels.

Prior to the filing of this bankruptcy proceeding, Debtor retained Jonathan Vick of Atkinson, Atkinson, Andelson, Loya, Ruud & Romo located in Cerritos, California to pursue the potential claims against MIDD. Trustee's representations concerning these claims is provided herein based on communications from Mr. Vick, review of Mr. Vicks' records and files, and communications with special counsel retained to pursue these claims. In pursuing these claims, Trustee talked to Mr. Vick with the request that he continue to represent Debtor in pursuing the claims. Mr. Vick declined to continue with his representation. Additionally, Trustee contacted several other counsel in an effort to obtain special counsel in this regard. Trustee was able to obtain Kimberly J. Manning and Manning Construction Law, Inc. on a contingency basis to pursue these claims.

By *Ex Parte* Order Approving Application of Special Counsel entered on November 9, 2016 (*ECF No. 198*) the application to employ Manning Construction Law, Inc.

MOTION - 2



10304-273/TJD/813956

and Kimberly J. Manning as special counsel to pursue several disputed claims on accounts receivable/projects, including the claim against MIDD, was granted. The Retainer Agreement with the Manning Construction Law, Inc. and Kimberly J. Manning is identified as ECF No. 192-1. It was Trustee's understanding that said Retainer Agreement provided that Manning Construction Law, Inc. and Kimberly J. Manning were retained to represent Trustee on a contingency basis of 40%, plus any actual costs incurred in the representation, with payment of $10,000.00 retainer for <u>costs</u> (*ECF No. 192*) [emphasis added].

However, there was a misunderstanding as to the fee agreement, and a Revised Retainer Agreement was approved by the Court per Order entered February 24, 2017 (*ECF No. 256*). The Revised Retainer Agreement is a partial hourly/partial contingency fee agreement whereby Trustee is to pay the initial $10,000.00 in legal fees (from the $10,000.00 retainer), plus out-of-pocket costs, plus **30%** of all <u>net</u> monetary damages recovered on the claims. The $10,000.00 retainer was paid to Manning Construction Law, Inc. and Kimberly J. Manning on December 27, 2016 per Order entered December 21, 2016 (*ECF No. 220*).

Ms. Manning reached out to Mr. Vick, reviewed Mr. Vick's records and files concerning these matters, records and files available to her from Debtor's files, and made repeated attempts to discuss the matters with Mark L. Jackson, president of Debtor. To date, with the exception of several very short email exchanges, Mr. Jackson has provided little support to pursue the various claims against MIDD.

Regarding the Sette, Debtor had completed the work on the project and submitted a final invoice but did not receive final payment under the contract.

Dispute occurred in the Essayons project because Debtor was not provided timely access to the vessel and was not able to inspect the vessel prior to bidding the job. Once

MOTION - 3



1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-273/TJD/813956

Case 16-13353-MLB    Doc 441    Filed 05/30/18    Ent. 05/30/18 12:08:52    Pg. 3 of 7

Debtor was able to inspect the vessel to begin the job, it became clear that the contract amount was insufficient to complete the work.

The dispute over the YD 254 project also involved untimely access to the vessel and out-of-sequence work that increased the man hours needed to complete the labor for Debtor.

Upon advice of counsel, Trustee filed in the Solano County Superior Court a Complaint ("**Complaint**") against Mare Island Dry Dock, LLC under Solano County Superior Cause No. FCS049114 ("**Solano County Action**"). The Complaint asserts that the Defendant, **MIDD** caused a delay and additional expenses in completion of the projects thereby breaching the three (3) contracts between Debtor and MIDD.

The parties are scheduled for mediation on October 12, 2018. Counsel for MIDD has offered to settle all claims against MIDD for $50,000.00 in exchange for Debtor dismissing its pending lawsuit with prejudice and executing a settlement agreement. Trustee fully discussed the settlement offer with Ms. Manning, special counsel, and thoroughly discussed the strength and validity of the claims against MIDD and defenses thereto. In discussing this with Ms. Manning, she indicated that there could be depositions both in the state of California and outside of the state of California and that it would be absolutely necessary to utilize the services of an expert witnesses to opine as to paint failure. Ms. Manning estimated that costs alone, excluding attorneys' fees, could be significant. Ultimately the Trustee and MIDD agreed to a settlement whereby MIDD will pay to the bankruptcy estate $50,000.00 and the parties will mutually release each other from any remaining claims.

Trustee feels that the settlement is in the best interest of the estate. It avoids the uncertainty of litigation and just as importantly, avoids significant costs which would be incurred taking this matter to trial.

MOTION - 4



EISENHOWER CARLSON PLLC
Attorneys at Law
1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-273/TJD/813956

The purpose of a compromise is to allow a bankruptcy trustee and the creditors, essentially the estate, to avoid the expenses and burden associated with litigation with strongly contested and dubious claims. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Circ. 1986). In addressing approval of a settlement agreement, the bankruptcy court should consider the "fairness, reasonableness, and adequacy" of the settlement agreement. *Id* at 1381.

Trustee asserts that the settlement agreement with MIDD is fair and reasonable and in the best interest of the estate.

Trustee requests the Court approve the Settlement Agreement between Trustee and MIDD whereby MIDD pays to the estate $50,000.00 within forty-five (45) days of mutual execution of the Settlement Agreement and Court approval; MIDD waives its claim for any unsecured claim in this bankruptcy proceeding, and the Solano County Action is to be dismissed with prejudice. A copy of the Settlement Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

## II. PAYMENT OF SPECIAL COUNSEL'S FEES AND COSTS

Pursuant to the Revised Retainer Agreement, Manning Construction Law, Inc. and Kimberly J. Manning is entitled to fees of 30% of the $50,000.00, or **$15,000.00**.

In addition to the fees, Manning Construction Law, Inc. and Kimberly J. Manning is entitled to reimbursement of costs incurred which are more fully described herein. In this regard, Manning Construction Law, Inc. and Kimberly J. Manning was paid a retainer of $10,000.00 which will offset the outstanding cost owing.

Manning Construction Law, Inc. and Kimberly J. Manning has incurred costs of $1,611.11 See **Exhibit B** attached hereto.

MOTION - 5



1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-273/TJD/813956

Case 16-13353-MLB    Doc 441    Filed 05/30/18    Ent. 05/30/18 12:08:52    Pg. 5 of 7

In accordance with Local Rules W.D. Wash. Bankr. 2016-1, Trustee confirms that the source of payment for the requested compensation and reimbursement of expenses is from the settlement proceeds of $50,000.00 to be received from MIDD. The amount of unencumbered funds in the estate at this time is approximately $100,000.00.

## CONCLUSION

Trustee requests that the Court approve the Settlement Agreement between Trustee and MIDD whereby MIDD pays to the estate $50,000.00 within five (5) days of Court approval; MIDD waives its claim for any unsecured claim in this bankruptcy proceeding; and the Solano County Action is to be dismissed with prejudice.

Trustee also seeks approval to pay fees and costs to Manning Construction Law, Inc. and Kimberly J. Manning approving fees of $15,000.00 based on a 30% contingency fee based on the settlement amount of $50,000.00 and costs of $1,611.11.

DATED this 30th day of May, 2018.

                                                  EISENHOWER CARLSON, PLLC

                                                  By: /s/ *Terrence J. Donahue*
                                                     Terrence J. Donahue, WSBA #15193
                                                       Attorneys for Chapter 7 Trustee
                                                       1201 Pacific Avenue
                                                       Tacoma, Washington 98402
                                                       Telephone: (253) 572-4500
                                                       Facsimile: (253) 272-5732



STATE OF WASHINGTON )
                     : ss.
COUNTY OF PIERCE_____)

    TERRENCE J. DONAHUE, being first duly sworn upon oath, deposes and says:

    That I am the duly appointed and acting Chapter 7 Trustee in the above referenced bankruptcy proceeding and make this verification based on my own personal knowledge and review of my records and files herein. I have read and reviewed the foregoing Motion to Approve Settlement of Claim Against Mare Island Dry Dock, LLC and Approve Payment of Special Counsel's Fees and Costs and attest to the accuracy of the statements provided therein.

/s/ *Terrence J. Donahue*
Terrence J. Donahue

    SIGNED AND SWORN to before me this 30th day of May, 2018, by Terrence J. Donahue.

/s/ *Elinor A. Engle*
Signature of Notary Public
    Elinor A. Engle
Name of Notary Public
NOTARY PUBLIC
    June 29, 2018
My Appointment Expires

MOTION - 7

EISENHOWER CARLSON PLLC
Attorneys at Law
1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-273/TJD/813956